Gantzer v. Schmeltz.

107   641<br>
r206s  560

## Charles G. Gantzer v. John Schmeltz.

1. USURY—*Broker's Commissions Received upon Loans at Highest Legal Rate of Interest Do Not Make the Loan Usurious.*—Brokers negotiating loans of other people's money may charge the borrower commissions without thereby making the loan, at the full rate of legal interest, usurious, where there is no arrangement with the lender that commissions shall be charged by the agent. .

**Bill to Foreclose a Mortgage.**—Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge presiding. Heard in the

Branch Appellate Court at the March term, 1902.   Affirmed.   Opinion filed April 28, 1903.

MORTON T. CULVER, attorney for appellant.

THOMAS J. HOLMES and ROBERT R. BALDWIN, attorneys for appellee.

MR. PRESIDING JUSTICE WATERMAN delivered the opinion of the court.

This is an appeal from a decree entered upon a bill to foreclose a mortgage securing two notes, one for $5,500 and one for $500, dated October 1, 1900, due in one year after date, with interest at six per cent per annum, payable semi-annually.

Will H. Moore was named as trustee in the trust deed foreclosed. Will H. Moore, trustee, was not served with process, but entered his appearance, waiving service and consenting to a default. The complainant's bill was signed by Will H. Moore as solicitor. Answer and replication having been filed, the cause was referred to a master before whom it was made to appear that at the making of said trust deed and notes an agreement was entered into between Will H. Moore and mortgagors, that in case the interest upon the $6,000 loan should be paid promptly as it matured and the taxes and assessments on the mortgaged property paid prior to any tax sale thereof, and the premises kept insured for at least $4,000 for the benefit of the mortgagee, then he, Will H. Moore, obligated himself only that at the maturity of the note for $5,500, he would procure for the mortgagors an extension of said $5,500 note for three years, at an interest of six per cent per annum, payable semi-annually, and for such extension should receive from appellant the sum of $75 commissions; and it also appeared that appellant paid to Will H. Moore $100 commission for obtaining the loan of $6,000 foreclosed in this proceeding.

It was also shown before the master that the mortgagee had no interest in any way whatever in the commissions paid or promised to be paid to said Moore, that the mort-

Gantzer v. Schmeltz.

gage foreclosed was, although dated October 1, 1900, not actually made until November 1st of that year. The mortgage having been made to take up a prior mortgage maturing October 1, 1900, and it being agreed that the $6,000 loan should be applied in payment of the mortgage maturing October 1, 1900.

Mr. Thomas J. Holmes acted as solicitor for complainants on being substituted for Will H. Moore by whom the bill as filed was signed. The mortgage provided that in case of foreclosure, a solicitor's fee not exceeding five per cent upon the amount of the mortgage, should be allowed. Mr. Holmes testified that $300 was a reasonable, customary and usual fee for foreclosing such a mortgage as this, amounting to $6,000. Appellant did not introduce any evidence in the trial of this cause. The master reported that there was due upon the mortgage $6,343.53; that the complainant was entitled to $300 as and for a solicitor's fee upon the foreclosure; that there was no usury in the transaction and that all the material allegations of the bill are true, and that a decree should be entered according to the prayer of the bill and his report.

Appellant insists that Will H. Moore, as trustee, acted as the agent of appellee, and that the commissions received by him were for the benefit of appellee; there is no evidence sustaining such contention. Appellant asks how Moore could promise to make an extension of the note of $5,500, unless he did so as agent of appellee. Moore was in the business of loaning money upon mortgage and could very easily, if he had the funds, make to appellant a loan of $5,500 for three years at six per cent per annum, which would in effect amount to an extension of the note given by appellant for that sum, although appellee might not provide any of the funds for such extension or have anything to do with it. The agreement for an extension is that of Moore alone, and specifically provides that it is in no way or wise an agreement by appellee.

The decree is just and equitable and entirely justified by the evidence. The decree of the Superior Court is affirmed.